```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :
THE RAINE GROUP LLC,                      :    1:21-cv-01898-JPC-KHP
                                          :
            Plaintiff(s),                 :
                                          :    **STIPULATION AND**
                                          :    **PROTECTIVE ORDER**
            against                       :
                                          :
REIGN CAPITAL, LLC                        :
                                          :
            Defendant(s).                 :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL".

2. Counsel for any party may designate any confidential document or other information derived therefrom as "Attorneys' Eyes Only" if counsel can show good cause that the materials contain extremely sensitive trade secrets or extremely sensitive commercial information, which could include pricing, product development, profits, and future marketing strategies, that if disclosed to the opposing side would result in serious competitive or other harm, that cannot be avoided by less restrictive means. Information and documents designated by a party as "Attorneys' Eyes Only" will be stamped "ATTORNEYS' EYES ONLY".

3. Confidential and/or Attorneys' Eyes Only information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in

this Protective Order constitutes an admission by any party that Confidential and/or Attorneys' Eyes Only information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential and/or Attorneys' Eyes Only information.

5. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. All documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a. The requesting counsel, but not the party of the requesting counsel or the party's in-house counsel;
    b. Employees of requesting counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by requesting counsel; and
    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

    ***For avoidance of doubt, documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to the opposing party under any circumstances.***

7. Prior to disclosing or displaying Confidential and/or Attorneys' Eyes Only information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential and/or Attorneys' Eyes Only Information. If so designated, the document or information shall thenceforth be treated in accordance with the terms of this

Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of litigation, Confidential and/or Attorneys' Eyes Only information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be "CONFIDENTIAL" if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated:  November 22, 2021

                          **REITLER KAILAS & ROSENBLATT LLP**

                          *s/ Brett Van Benthysen*
                          Robert W. Clarida
                          Brett Van Benthysen
                          885 Third Avenue, 20th Floor
                          New York, NY 10022
                          Phone:  212-209-3050
                          Fax:  212-371-5500
                          Email: rclarida@reitlerlaw.com
                                    bvanbenthysen@reitlerlaw.com

                          *Attorneys for Plaintiff*


                          **THE SERBAGI LAW FIRM, P.C.**

                          By: /Christopher Serbagi/
                              Christopher Serbagi, Esq.
                              488 Madison Avenue, Suite 1120
                              New York, New York 10022
                              Tel: (212) 593-2112
                              Fax: (212) 308 8582
                              *Attorney for Applicant Reign Capital, LLC*


**SO ORDERED.**

                          *[signature: Katharine H. Parker]*
                          KATHARINE H. PARKER, U.S.M.J.

Dated:  **11/22/2021**

4

**Agreement**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are deemed Confidential or Attorneys' Eyes Only or by Order of the Court.

      I have read the STIPULATION AND PROPOSED PROTECTIVE ORDER in connection with this action and I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
[INSERT NAME]

Signed in the presence of:

_____
(Attorney)