USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

THE RAINE GROUP LLC,

                                    Plaintiff,

                        -against-

REIGN CAPITAL, LLC,

                                  Defendant.

-----------------------------------------------------------------X

**21-CV-1898 (JPC) (KHP)**

**OPINION**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      The parties in this action were directed to finalize their ESI protocol by February 9, 2022 or, if they could not agree, submit their remaining dispute to the Court for resolution. (ECF No. 45.) Unfortunately, the parties could not agree on all of the provisions and have submitted the dispute for resolution. The disputes concern (1) language regarding the parties' search obligations in general and (2) certain search terms.

      Federal Rules of Civil Procedure 26 and 34 require parties to conduct a reasonable search for documents that are relevant to the claims and defenses. Parties have an affirmative obligation to search for documents which they may use to support their claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a)(1). Indeed, Rule 26(a) requires a party to provide copies of such documents or identify such documents by category and location "without awaiting a discovery request." *Id*. "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances. It is an objective standard similar to the

1

one imposed by Rule 11 . . . Ultimately, what is reasonable is a matter for the court to decide on

the totality of the circumstances." Fed. R. Civ. P. 26 advisory committee's note to 1983

amendment.  *See Brown v. Barnes and Noble, Inc*., 474 F. Supp. 3d 637, 644 (S.D.N.Y. 2019).

Rule 26(g) requires that responses to document requests be signed, certifying that the

disclosures made are complete and correct as of the time of the disclosure after a reasonable

search.

　　When parties identify such documents by category and location, a location could be a

particular custodian's email account or a shared drive.  To avoid duplication of efforts, some

parties may choose to conduct a fulsome ESI search after an agreement on search terms.

However, in this instance, the producing party must include and utilize search terms it believes

are needed to fulfill its obligations under Rule 26 in addition to considering additional search

terms requested by the requesting party.  In other words, the producing party must search

custodians and locations it identifies on its own as sources for relevant information as part of its

obligations under Rules 26 and 34.  It should also cooperate with the requesting party to the

extent the requesting party believes that other search terms, custodians or locations may have

relevant information when fashioning an ESI protocol, subject to Rule 26(b)'s limitations.  See

Fed. R. Civ. P. 26(b)(1) (limiting discovery to information that is not privileged and both relevant

and proportional to the needs of the case); Fed. R. Civ. P. 26(b)(2)(B) (limiting discovery of

information from sources not reasonably accessible because of undue burden or cost).  In sum,

an ESI protocol and search terms work in tandem with the parties' obligations under the

Federal Rules and do not replace a party's independent obligation to produce electronic (or

2

paper) documents that are reasonably accessible, relevant, and responsive within the meaning

of Rule 34.

In this case, Defendant has asked that certain language regarding the parties' search

obligations be included in the ESI protocol including:

- The parties also acknowledge that, apart from this ESI protocol, each party has an independent obligation to conduct a reasonable search in all company files and to produce non-privileged and responsive documents to pending document requests. Nothing in this ESI protocol relieves either party of protocol is an aid to locate responsive documents, not a replacement. (Introductory Paragraph)

- Defendant does not agree that Plaintiff's search for responsive electronic documents should be limited to the foregoing individuals [six identified custodians]. Defendant wants Plaintiff to have all its employees search for responsive documents and insists that its obligation is to search all its files for potentially relevant information to this litigation, as Defendant agrees to do.  (Paragraph 4(c))

- Defendant maintains that both parties have an independent obligation to search all files from all employees that could reasonably contain responsive documents to the parties' document requests. (Paragraph 6(a))

The Court finds that the proposed language is unnecessary to include in the ESI protocol given

applicable discovery rules and overbroad as proposed.  As noted above, each party must sign its

disclosures and certify that it has conducted a reasonable search.  This rule is sufficient to

address Defendant's concerns about Plaintiff complying with its discovery obligations.  To the

extent the requested language suggests that the parties must search "all company files" or "all

files from all employees," the language is overbroad.  Counsel for both parties must consult

with their respective clients to understand which custodians and locations are likely to have

relevant information whether or not responsive to its adversary's document requests.  The

parties can then determine the contours of a reasonable search, which may mean, just by way

of example, eliminating custodians or locations with redundant information, eliminating sources that are inaccessible, or culling electronic information by date.  When a party is a single person or a closely held company with a handful of employees, the custodians and sources of information may be obvious and there may not be redundancies in sources of information. When a party is a large entity, it is more likely there may be redundancies in sources of information and custodians or locations where relevant information is not likely to be found. Here, Plaintiff, Raine Group LLC, a merchant bank with over 100 employees that is suing Defendant, Reign Capital LLC, a two-person real estate development and management firm, for trademark infringement and unfair competition based on Defendant's use of the name "Reign Capital."

As to the custodians, Plaintiff has identified six employees as custodians whose emails and personal files likely contain relevant information.  Defendant has not identified additional custodians likely to have relevant emails nor explained why other employees of a bank would have relevant email or personal files.  Searching all files of all employees of Plaintiff certainly is certainly overbroad.  Therefore, the Court will not require inclusion of the language identified above and requested by Defendant.  Nonetheless, the Court advises Plaintiff that in addition to the six custodian's emails and files, there may be other sources of data such as shared drives that are not particular to a specific custodian that should be searched as part of Plaintiff's obligations under Rule 26.  Plaintiff is expected to conduct a reasonable search of such non-custodian sources likely to have relevant information.

Finally, in Section 3(a), Plaintiff identified Microsoft Outlook and a central shared drive as locations for relevant information and indicated it "is prepared to" search both locations for responsive documents.  In turn, Defendant states it "is prepared to search" its relevant databases and computers.  However, Defendant has asked that Plaintiff change "is prepared to" to "will."  Plaintiff objects on the ground that the language should be identical for both parties.  This Court agrees, but directs Defendant to change its representation to "will" so that both parties will search relevant locations.

As for search terms, the Defendant proposed limits on the Defendant-only terms "law suit," "hedge fund," "private equity," and "venture capital."  Defendant proposed limits to both-party terms "law suit," "trademark," "sophisticated," and proposes that Plaintiff search for the term "real estate" /30 invest or manage or sell or sale.  The limitations are as follows:

- "law suit" /30 trademark or Raine or Reign
- "trademark" /30 Raine or Reign or enforce!
- "sophisticated" /30 customer or consumer or client
- "real estate" /30 invest! Or manage! Or sell or sale
- "hedge fund" /30 invest! Or manage! Or sell or sale
- "private equity" /30 invest! Or manage! Or sell or sale
- "venture capital" /30 invest! Or manage! Or sell or sale

Plaintiff objects to the search term "real estate" even with the modifiers on the ground that it is unduly burdensome insofar as it resulted in 1,800 hits for a single custodian and returned non-relevant documents including Plaintiff's lease and office-related emails and reporting and disclosure requirements from an SEC Form S-1.  It argues that no modifiers are needed for the terms "lawsuit" and "trademark" because each side is searching the other's name (i.e., "Raine" and "Reign") as stand-alone terms and because in Plaintiff's case, "Raine" will appear in almost

5

every single document and email.  Plaintiff is willing to agree to the other limitations proposed

for "lawsuit," "trademark," and "sophisticated," so long as Defendant drops the limitations on

"hedge fund," "private equity," and "venture capital."  Plaintiff argues that Defendant initially

proposed the three Defendant-only terms without limitation and has failed to show any burden

associate with the unmodified terms.

The Court's "broad discretion to manage the discovery process[ ] include[es]

determinations regarding which search terms a party should apply." *Hernandez v. NHR Human

Res., LLC*, 2021 WL 2535534, at *20 (S.D.N.Y. June 18, 2021) (quoting *Beaton v. Verizon New

York, Inc.*, 2020 WL 6449235, at *4); see *Emanuel v. Gap, Inc.*, 2020 WL 5995134, at *2-3

(S.D.N.Y. Oct. 9, 2020) (denying appeal of magistrate judge's determinations regarding which

search terms to apply); *Trusz v. UBS Realty Invs. LLC*, 2011 WL 1628005, at *7-8 (D. Conn. Apr.

27, 2011) (revising parties' disputed list of search terms); *Capitol Records, Inc. v. MP3tunes, LLC*,

261 F.R.D. 44, 50, 52-53 (S.D.N.Y. 2009) (ruling on use of various search terms).

Search terms, while helpful, must be carefully crafted.  Poorly crafted terms may return

thousands of irrelevant documents and increase, rather than minimize the burden of locating

relevant and responsive ESI.  They also can miss documents containing a word that has the

same meaning or that is misspelled.  See *William A. Gross Const. Assoc., Inc. v. American Mfrs.

Mut. Ins. Co*., 256 F.R.D. 134, 135 (S.D.N.Y. 2009); *Precision Medicine Group, LLC v. Blue Matter,

LLC*, 20-cv-2974, 2020 WL 7352509 (S.D.N.Y. Dec. 15, 2020).  Broad, general search terms such

as the ones the parties are using are typically not sufficiently targeted to find relevant

documents.  Modifiers are often needed to hone in on truly relevant documents.  However,

what modifiers are appropriate is often best left to specialists who can interpret "hit" reports

and suggest refinements—not to the Court.  Nevertheless, because the parties cannot agree,

the Court will decide.

As to the term "real estate," the Court finds that it is overbroad and unlikely to return a

unique set of relevant documents given that Plaintiff is also searching for the word "Reign."  To

the extent Defendant wishes to explore whether Plaintiff's business or clients overlap with

Defendant's business or clients, Defendant can do so in a 30(b)(6) deposition.  Thus, the Court

will not require Plaintiff to search for the term "real estate," even with the modifiers.

As to the term lawsuit, the Court agrees that Plaintiff does not need to include its own

name in a modifier, as this could return documents pertaining to other lawsuits involving

Plaintiff having nothing to do with the instant matter.

As to the terms "sophisticated," and "trademark," the proposed modifiers makes sense,

as they appear to be more focused on the issues relevant to this case.  For example,

"sophisticated," without modifiers, could turn up in many contexts; whereas with the proposed

modifier, it is more likely to fall on documents discussing the sophistication of the parties'

clients and customers.  Similarly, the modifiers on "trademark" appear to be focused on the

trademarks of the parties as opposed to the term trademark that could appear in any number

of advertisements or newsletters unrelated to this action.

As to the Defendant-only terms, the terms themselves appear incredibly broad and

could return many documents wholly irrelevant to this case.  At the same time, it is unclear how

the modifiers will be helpful in finding relevant documents.  The Court assumes the terms are

designed to evaluate whether the Defendant is engaged in a similar business to Plaintiff's

business.  As with the term "real estate," the information Plaintiff seeks through these terms

may best be learned through a Rule 30(b)(6) deposition.  Nonetheless, because the modifiers

possibly narrow the universe of returns, the Court will require Plaintiff to accept them.

## CONCLUSION

The motion at ECF 48 is denied for the reasons set forth above.  The parties shall submit

a revised ESI protocol consistent with this ruling for the Court's endorsement.

**SO ORDERED.**

Dated: February 22, 2022
         New York, New York


_____
KATHARINE H. PARKER
United States Magistrate Judge